ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| **COREY REBECCA CRUZ WATSON**<br><br>Recurrido<br><br>v.<br><br>**ALBERTO CORRETJER REYES**<br><br>Peticionario | KLCE202500437 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**K DI2016-0176**<br><br>Sobre: Divorcio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Pagán Ocasio y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de mayo de 2025.

Comparece ante este Tribunal de Apelaciones, el señor Alberto Corretjer Reyes (señor Corretjer Reyes o peticionario) y solicita que revisemos la *Orden* emitida el 17 de marzo de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante la misma, el foro *a quo* dispuso "nada que proveer" a la *Moción Informativa* instada por el peticionario y le impuso una sanción económica por llevar a la menor ANCC a un médico en contra de la voluntad de la señora Corey Rebecca Cruz Watson (señora Cruz Watson o recurrida).

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

### I.

En asuntos relacionados a la hija menor de edad de las partes de epígrafe, ANCC, el 20 de febrero de 2025, el señor Corretjer Reyes presentó una *Moción Informativa* ante el TPI. En su comparecencia, expresó que, como consecuencia de una caída de ANCC en el colegio acaecida el 13 de febrero de 2025, logró obtener una cita con el

quiropráctico José Calbetó para el 19 de febrero de 2025. Ello, debido a quejas de la menor de dolor de espalda. Adujo que le notificó a la señora Cruz Watson por mensaje de texto para que esta pudiera participar de la cita, de así interesarlo. Alegó que, posterior a dicho evento, la señora Cruz Watson le comunicó que no autorizaba que ANCC fuera evaluada por un doctor. A raíz de lo anterior, el TPI dictó una *Orden* el 4 de marzo de 2025, en la cual dispuso "nada que proveer".

El 28 de febrero de 2025, el señor Corretjer Reyes incoó una nueva *Moción Informativa* ante el TPI. En esta ocasión, enunció que, luego de una cita con la dentista pediátrica, la menor fue referida a un cirujano maxilofacial o a un otorrinolaringólogo (*ENT*). Explicó que le comunicó a la señora Cruz Watson que logró obtener cita con un *ENT* pediátrico, pero esta le informó que no autorizaba que ANCC fuera vista por el doctor. El señor Corretjer Reyes también anunció que ANCC fue examinada por otro especialista, doctor Laureano Giráldez. Añadió que los galenos mencionados recomendaron monitoreo periódico del hallazgo. En específico, aseveró que el doctor Laureano Giráldez sugirió que la menor fuera evaluada nuevamente el 28 de abril de 2025. Por ser dicha fecha una en la que ANCC estaría bajo la custodia de su madre, el señor Corretjer Reyes solicitó al TPI que le ordenara a la señora Cruz Watson llevar a la menor a la cita médica o que le permitiera a él llevarla.

El 13 de marzo de 2025, la señora Cruz Watson instó una *Urgente Oposición a Moción Informativa y en Solicitud de Orden y Urgente Solicitud de Remedios ante las Continuas Violaciones de los Derechos de Patria Potestad e Incumplimiento con Órdenes Judiciales Anteriores*. En esencia, objetó varias alegaciones de impresiones de terceros incluidas en la *Moción Informativa* y sostuvo que las actuaciones del señor Corretjer Reyes violentaron sus derechos de patria potestad. Asimismo, afirmó que éste la enajenó del proceso

médico de ANCC en dos (2) ocasiones, al obtener citas con especialistas sin consultarle previamente. Además, subrayó que el señor Corretjer Reyes no cumplía ni reconocía la *Orden* del Tribunal dictada el 22 de octubre de 2021, en la cual dispuso que ninguno de los progenitores podría llevar a la menor sin el consentimiento del otro, a menos que fuera una emergencia o hubiera alguna necesidad de asistencia médica, se hubieran hecho esfuerzos genuinos para comunicarse con el otro progenitor y no se hubiera recibido respuesta. La señora Cruz Watson esgrimió que en los asuntos informados por el señor Corretjer Reyes no existía emergencia alguna con ANCC.

Así las cosas, el 17 de marzo de 2025, el TPI emitió el dictamen recurrido, en el cual dispuso "nada que proveer" a la *Moción Informativa* instada por el peticionario y les recordó a las partes que deben coordinar las citas médicas de la menor. A su vez, le impuso una sanción de $50.00 al señor Corretjer Reyes por llevar a ANCC a un médico en contra de la voluntad de la señora Cruz Watson.

Inconforme, el señor Corretjer Reyes presentó una *Moción de Reconsideración*, pero la misma fue denegada el 27 de marzo de 2025.

Aun en desacuerdo, el señor Corretjer Reyes acude ante nos. Alega que el TPI cometió los siguientes errores:

> Abusó de su discreción judicial y erró el TPI al no autorizar a Corretjer a llevar a su hija ANCC a la cita médica ordenada por el especialista en cáncer de cabeza y cuello Dr. Laureano Giráldez.

> Abusó de su discreción judicial y erró el TPI al imponer a Corretjer la sanción de $50.00.

De acuerdo con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B)(5), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de

lograr su más justo y eficiente despacho". Así, prescindimos de la comparecencia de la recurrida.

## II.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. Véase, *Pueblo v. Díaz de León*, 176 DPR 913, 918 (2009). La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones

---

[1] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.[2]

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

---

[2] Debe de quedar claro que la denegatoria a expedir no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Por el contrario, es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98, citando a *Feliberty v. Soc. de Gananciales*, 147 DPR 834 (1999).

**III.**

Debido a que la controversia bajo nuestra consideración versa sobre un asunto de relaciones de familia, podemos revisar discrecionalmente la decisión recurrida por vía del auto de *certiorari,* conforme la Regla 52.1 de Procedimiento Civil, *supra.*

Según surge del expediente, el TPI tomó conocimiento de la *Moción Informativa* concernida y de la postura de la recurrida. Como parte del ejercicio de discreción que ostenta en el manejo de los casos y en un balance de intereses, el TPI expuso que las partes deben cooperar en torno a la coordinación de las citas médicas de ANCC. Además, ante las actuaciones del peticionario de no consultar a la recurrida en situaciones como la de autos, referentes a la menor, impuso una sanción económica.

Tras un análisis de la totalidad de las circunstancias del caso, colegimos que no concurre ninguno de los criterios que mueva nuestra discreción para expedir el auto solicitado por el peticionario. Lo anterior, por no encontrar indicio alguno de que el TPI actuó de forma arbitraria, caprichosa, en abuso de su discreción o que haya cometido algún error de derecho.[3]

Así las cosas, denegamos expedir el auto de *certiorari* solicitado por el peticionario. Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari.* En consecuencia, devolvemos el caso al TPI para la continuación de los procedimientos.

---

[3] **Adviertan las partes de lo provisto en el caso KLCE202400851 en cuanto a la necesidad de seleccionar un Coordinador de Parentalidad.**

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones